FILED
2005 Apr-27 AM 11:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JIMMY WARREN CARLILE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. CV-05-HS-0156-N** |
| **v.** | ) | |
| | ) | |
| **GENERAL MOTORS CORP., aka** | ) | |
| **CHEVROLET, GENTRY** | ) | |
| **CHEV-PONT-BUICK, INC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF OPINION

The cause comes before the Court on the Motion to Dismiss (doc. 7), filed by the Defendants General Motors Corporation ("GM") and Gentry Chevrolet Pontiac Buick, Inc. ("Gentry"). In the motion, the Defendants argue that the Plaintiff, who appears in the action unrepresented by counsel, has failed to state a claim and move for dismissal under Federal Rule of Civil Procedure 12(b)(6). On March 4, 2004, the Court gave Carlile fourteen days to oppose the motion. No opposition was filed.

The standard for surviving a motion under Rule 12(b)(6) is extremely low. *See Ancata v. Prison Health Serv., Inc.* 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)). The court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to

the non-moving party." *Dacosta v. Nwachukwa,* 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). Furthermore, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). "[U]unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)).

In the statement of claim in his Complaint, Carlile states:

> Gentry Chev-Pont-Buick, Inc., Salesman Ronnie Case, sold me a 2004 Chevrolet C1500 PU. The speedometer states 120 mph but the vehicle will only do 90 mph. At the time of the sale, the govenor [sic] was never disclosed. Even after asking if there were anything wrong with the vehicle. Upon contacting GMC, they state [sic] the govenor [sic] may be removed but at the loss of any/all warranty of the vehicle and at an additional charge of approximately $500.00.

(Complaint, doc. 1, ¶ 4.)

After the Plaintiff filed his Complaint, the Court required the Plaintiff to identify the federal statute or statutes under which he brought his claim. In response,

the Plaintiff amended the complaint and cited to section 1001, title 18, United State Code.

Section 1001 of title 18 is a criminal statute. The provision makes it a crime to make, use, or conceal a material fact in any matter within the jurisdiction of the executive, legislative, or judicial branch of the federal government.[1] The provision does not provide a private right of action, and even if it did, the provision plainly is

---

[1]Section 1001 provides, in its entirety:

a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
(2) makes any materially false, fictitious, or fraudulent statement or representation; or
(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

(b) Subsection (a) does not apply to a party to a judicial proceeding, or that party's counsel, for statements, representations, writings or documents submitted by such party or counsel to a judge or magistrate in that proceeding.

(c) With respect to any matter within the jurisdiction of the legislative branch, subsection (a) shall apply only to--
(1) administrative matters, including a claim for payment, a matter related to the procurement of property or services, personnel or employment practices, or support services, or a document required by law, rule, or regulation to be submitted to the Congress or any office or officer within the legislative branch; or
(2) any investigation or review, conducted pursuant to the authority of any committee, subcommittee, commission or office of the Congress, consistent with applicable rules of the House or Senate.

18 U.S.C.A. § 1001

inapplicable to the facts described in the Plaintiff's complaint. The Plaintiff therefore cannot state a valid cause of action under section 1001.

Additionally, in paragraph 3 of the Complaint, the Plaintiff indicated that he may have intended to state a claim for fraud or fraudulent suppression under Alabama state common law. Because the Plaintiff is a citizen of Alabama, the Defendant Gentry is a citizen of Tennessee, and the Defendant GM is a citizen of Michigan, the Court has jurisdiction over this claim under 28 U.S.C.A. § 1332(a).[2]

Responding to an Order to show cause why the possible fraud claim should not be dismissed for failure to plead the claim with specificity, Carlile again amended his complaint to aver the following:

> On the date of purchase … salesman Ronnie Case … was asked point blank if there were limitations or known defects to the vehicle to be sold. Mr. Case said that there were none. I told Mr. Case that I would not purchase this vehicle if there were any limitations to the vehicle. This question was repeatedly answered that there were no limitations to the vehicle. This led me to believe that there were no problems of any kind associated with the vehicle.
> … I contacted Chevrolet and received a letter stating that this speed control device was a safety device that they installed on the vehicle. I was never notified.
> …

[2]The Complaint is somewhat ambiguous as to whether Carlile brought suit solely against Gentry or against both Gentry and GM. However, the Plaintiff served both GM and Gentry, and both have appeared as defendants in this matter. For the purposes of this motion, therefore, the Court presumes that Carlile asserts claims against both.

> The dealership and Chevrolet misrepresented the capabilities of the vehicle when they designed a speedometer display of 120 mph then placed a restrictions [sic] on the vehicle without disclosing this to the potential buyers. If Chevrolet wished to put the presence of the safety device in writing before selling the vehicle or the speedometer display to read only 90 mph I would have not had any problem with this policy.

(Doc. 11.)

"The elements of fraud are: (1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly, without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused damage as a proximate consequence." *Brushwitz v. Ezell*, 757 So.2d 423, 429 (Ala. 2000) (emphasis added). "The elements of fraudulent suppression are: (1) that the defendant had a duty to disclose an existing material fact; (2) that the defendant suppressed that existing material fact; (3) that the defendant had actual knowledge of the fact; (4) that the defendant's suppression of the fact induced the plaintiff to act or to refrain from acting; and (5) that the plaintiff suffered actual damage as a proximate result …." *Alfa Life Ins. Corp. v. Green*, 881 So.2d 987, 992 n.4 (Ala. 2003) (quoting *Ex parte Household Retail Servs., Inc.*, 744 So.2d 871, 879 (Ala.1999)).

If Carlile is deemed to assert a claim for fraud, his claim fails because he does not state facts showing that Gentry made any misrepresentation, nor does he state facts showing that he reasonably relied on any alleged misrepresentation. Carlile

does not allege that the Chevrolet salesman represented that there was no speed governor on the vehicle. Rather, Carlile alleges only that the salesman said the vehicle had no "limitations or known defects[.]" This statement does not constitute a misrepresentation.

As a safety device, the speed governor cannot be reasonably be construed as a defect. The statement that the car had no limitations is too vague to support a claim for fraud. *See Hanson v. New Technology, Inc.*, 594 So.2d 96, 102 (Ala. 1992) ("[A] vague, general statement … is not a representation sufficient to sustain a fraud claim."). Certainly, the statement is too vague to reasonably be construed as a deceptive or mistaken representation that the vehicle did not have a speed governor. Moreover, no reasonable person could conceive of a device that limited a car to 90 miles per hour as being a "limitation" on the vehicle. *See Ellis v. City of Birmingham*, 576 So.2d 156, 157 (Ala. 1991) (rejecting fraud claims where "[a]ny reliance by [plaintiff] on these statements would have been unreasonable.").

Further, the Court can find, and the Plaintiff presents, no authority for the proposition that an automobile manufacturer or retailer commits fraud by selling a car with a speedometer that includes speeds in excess of what the car is capable of achieving. Accordingly, the Court finds, as a matter of law, that the mere fact a speedometer can measure speeds up to 120 miles per hour does not constitute a

representation that the car actually can attain that speed. Lacking these requisite elements, Carlile's claim of fraud fails.

To the extent that Carlile asserts a claim for fraudulent suppression, the claim fails because Carlile does not allege that Gentry had any legal obligation to disclose the existence of a speed governor on the vehicle prior to selling Carlile the vehicle, nor does Carlile provide any basis for concluding that Gentry has a legal obligation to make such a disclosure. Accordingly, Carlile fails to assert valid claims for fraud or fraudulent suppression.

Having failed to state a claim, GM and Gentry's motion to dismiss the Complaint is due to be, and hereby is, **GRANTED**. A separate order will be entered.

**DONE** and **ORDERED** this 27th day of April, 2005.

**VIRGINIA EMERSON HOPKINS**
United States District Judge